



1  Albert R. Salman
   c/o P. O. Box 7492
2  Reno, Nevada   PZ#89510
   775-673-4308 (H)
3  775-972-0919 (W)

4

5

6              UNITED STATES DISTRICT COURT

7                  DISTRICT OF NEVADA

8                  *  *    CV-N-00-0037-DWH-PHA

9  Albert R. Salman,

10              Plaintiff,

11     vs.                         COMPLAINT FOR
                                   VIOLATION OF
12 ROBERT E. ROSE,                 42 U.S.C. 1983

13 _____Defendant./     TRIAL BY JURY DEMANDED

14     COMES NOW the Plaintiff, Albert R. Salman, In Propria Personae

15 and Sui-Juris, and for cause of action against the Defendant

16 complains and alleges as follows:

17                          I

18     That Plaintiff is located within the County of Washoe, State

19 of Nevada.

20                          II

21     That the Defendant is located in Carson City, Nevada, and at

22 all times herein mentioned was not in his official judicial

23 capacity.

24                          III

25     That this Court has jurisdiction over this action pursuant to:

26 the Trading With The Enemy Act of October 6, 1917, originally and

27 as amended; Presidential Proclamation No. 2038, March 5, 1933;

28
                              1

Presidential Proclamation No. 2039, March 6, 1933; Presidential Proclamation No. 2040, March 6, 1933; 28 U.S.C. 1331; and 28 U.S.C. 1343 (a)(1),(2), (3) and (4).

IV

That on March 24, 1999, Plaintiff filed criminal charges against the Defendant, ROBERT E. ROSE, in his capacity as Justice of the Supreme Court of the State of Nevada. These criminal charges were filed pursuant to Nevada Revised Statutes 1.225 and the Nevada Rules of Appellate Procedure, Rule 35. EXHIBIT #1. These criminal charges have never been, to date, adjudicated pursuant to Nevada Revised Statutes 1.225.

V

On or about January 7, 2000. Defendant, ROBERT E. ROSE, knowingly, willingly and intentionally, issued ORDER, EXHIBIT #2. Plaintiff contends that Defendant issued said ORDER, under color of law, with complete and total knowledge that he did not have jurisdiction or standing as a judicial officer in Supreme Court of the State of Nevada Case No. 32704 because the criminal charges, pursuant to Nevada Revised Statutes 1.225, have never been adjudicated. That because of the deliberate actions of Defendant, ROBERT E. ROSE, Plaintiff has been damaged in an amount in excess of Ten Thousand and 00/100 Dollars ($10,000.00).

WHEREFORE, Plaintiff prays judgment against the Defendant as hereinafter set forth:

SECOND CLAIM FOR RELIEF

VI

That Plaintiff sets forth hereunder each and every allegation

2

1  set forth above in count one of his complaint as if set forth in
2  haec verba.

3                                   VII

4        On or about January 7, 2000, Defendant, ROBERT E. ROSE,
5  knowingly, willingly and intentionally, acting without jurisdic-
6  tion, issued ORDER, EXHIBIT #2.  Defendant is attempting, under
7  color of law, to deny to Plaintiff his Nevada Constitutionally
8  Protected Rights, pursuant to Article 1, Section 8, and Article 6,
9  Section 4, Plaintiff's Rights to appear and defend in person in any
10 court in Nevada.   That because of the deliberate actions of
11 Defendant, ROBERT E ROSE, Plaintiff has been damaged in an amount
12 in excess of Ten Thousand and 00/100 Dollars
13 ($10,000.00).

14       WHEREFORE, Plaintiff prays judgment against the Defendants as
15 hereinafter set forth:

16                       **THIRD CLAIM FOR RELIEF**

17                                  VIII

18       That Plaintiff sets forth hereunder each and every allegation
19 set forth above in count one and two of his complaint as if set
20 forth in haec verba.

21                                   IX

22       On or about January 7, 2000, Defendant, ROBERT E. ROSE,
23 knowingly, willingly and intentionally acting without jurisdiction,
24 issued ORDER, EXHIBIT #2. Defendant is attempting, under color of
25 law, to deny to Plaintiff his United States Constitutional and
26 Nevada Constitutionally Protected Rights to Contract or Not to
27 Contract.   That because of the deliberate actions of Defendant,

28
                                    3

1  ROBERT E ROSE, Plaintiff has been damaged in an amount in excess of

2  Ten Thousand and 00/100 Dollars ($10,000.00).

3      Trial by jury is hereby demanded.

4      WHEREFORE, Plaintiff prays judgment against the Defendant as

5  follows:

6      1.   In Count One for damages against the Defendant, ROBERT E.

7  ROSE, in an amount in excess of Ten Thousand and 00/100 Dollars

8  ($10,000.00);

9      2.   In Count Two for damages against the Defendant, ROBERT E.

10 ROSE, in an amount in excess of Ten Thousand and 00/100 Dollars

11 ($10,000.00);

12     3.   In Count Three for damages against the Defendant, ROBERT

13 E. ROSE, in an amount in excess of Ten Thousand and 00/100 Dollars

14 ($10,000.00);

15     4.   For costs of this suit; and

16     5.   For such other and further relief as the Court deems to be

17 appropriate.

18     DATED:   this 24th day of January 2000.

19

20                                   Albert R. Salman

21                                   c/o P. O. Box 7492
                                     Reno, Nevada   PZ#89510

22

23

24

25

26

27

28
                                    4

**ORIGINAL**

1

2

3

4

5

6                IN THE SUPREME COURT OF THE STATE OF NEVADA

7  Albert R. Salman,                )      **RETURNED**
                                    )      **UNFILED**
8                  Appellant,       )                      No. 32704
                                    )
9      vs.                          )      JAN 0 7 2000
                                    )
10 THE STATE OF NEVADA,             )      JANETTE M. BLOOM
                                    )   CLERK OF SUPREME COURT
11              Respondent.         )   BY_____
                                           DEPUTY CLERK

12       CRIMINAL CHARGES AGAINST JUSTICE ROBERT ROSE FOR:
         ALTERING AND MISREPRESENTING CASE TO THE PUBLIC;
13      N.R.S. 193.330, 1; N.R.S. 195.030, 1; N.R.S. 199.120 1;
        N.R.S. 199.170; N.R.S. 199.290 1; and N.R.S. 199.480, 3.
14

15       COMES NOW the Appellant, Albert R. Salman, In Propria Personae

16  and Sui-Juris, pursuant to Article I, Section 8, of the Nevada

17  Constitution, and hereby, pursuant to N.R.S. 1.225 and Nevada Rules

18  of Appellate Procedure, Rule 35, submits these criminal charges

19  against JUSTICE ROBERT ROSE.  The Supreme Court of the State of

20  Nevada has not heard any of these criminal charges, has not heard

21  any arguments or considered any contested matter in this instant

22  case.

23       These CRIMINAL CHARGES AGAINST JUSTICE ROBERT ROSE are based

24  upon the supporting affidavits, the supporting brief of legal

25  points and authorities and the complete record of this instant

26  case.

27       Based thereon, Albert R. Salman, the Appellant, respectfully

28

                                    1

1 | **DEMANDS** that JUSTICE ROBERT ROSE proceed no further herein and that

2 | another justice be assigned to hear this proceeding.

3 |     DATED; this 22nd day of March 1999.

4

5

6 | Albert B. Salman
   Appellant
   c/o P. O. Box 7492

7 | Reno, Nevada  [89510]
   702-673-4308

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

S U P P O R T I N G   A F F I D A V I T

STATE OF NEVADA    )
                   )  ss:
COUNTY OF WASHOE   )

I, Albert R. Salman, duly sworn, deposes and says:

1.   That I am the Appellant in the above entitled case;

2.   That I was the Appellant in the case entitled <u>Salman v. Newell</u>, 110 Nev. 1333, 885 P2d 607 (1994);

3.   That I personally know that JUSTICE ROBERT ROSE had knowingly, willingly and intentionally altered and misrepresented the case authority of <u>Jones v. Niagara Frontier Trans. Auth.</u>, 722 F.2d 20 (2d Cir. 1983) to deny to the Appellant Salman in <u>Salman</u>, supra. his contractual, fiducial and statutory Rights to represent a Trust in the courts of Nevada by adding the words "nor a trust" to the decision rendered in <u>Jones</u>, supra.;

4.   That I personally know that JUSTICE ROBERT ROSE had knowingly, willingly and intentionally altered and misrepresented the case authority of <u>Jones v. Niagara Frontier Trans. Auth.</u>, 722 F.2d 20 (2d Cir. 1983) which constitutes an obvious, willful, corrupt and inexcusable attempt to prejudice the public of the State of Nevada and denying, to the Appellant Salman, Due Process of Law by willfully exhibiting to the public of the State of Nevada an incompetent and prejudicial decision;

5.   That I personally know that JUSTICE ROBERT ROSE had knowingly, willingly and intentionally altered and misrepresented the case authority of <u>Jones v. Niagara Frontier Trans. Auth.</u>, 722 F.2d 20 (2d Cir. 1983) as a frivolous, vexations and sham case to the public of the State of Nevada under the guise of color of law

1

1 | and in violation of the law;

2 |      6.    That I personally know that JUSTICE ROBERT ROSE, in
3 | violation of N.R.S. 193.330, section 1, did knowingly, willingly
4 | and intentionally cause or intended to be caused the falsification
5 | of government documents in the case of <u>Salman v. Newell</u>, 110 Nev.
6 | 1333, 885 P2d 607 (1994), with the malice of forethought and
7 | intention to do contractual and fiduciary harm to me as the
8 | Appellant in <u>Salman</u>, supra.;

9 |      7.    That I personally know that JUSTICE ROBERT ROSE, in
10 | violation of N.R.S. 195.030, section 1, did knowingly, willingly
11 | and intentionally aid JUSTICE CLIFF YOUNG in keeping and securing
12 | his position as a JUSTICE of the Supreme Court of the State of
13 | Nevada knowing that JUSTICE CLIFF YOUNG, since his latest illness,
14 | has become senile and mentally incompetent which bars JUSTICE CLIFF
15 | YOUNG from holding the august office of JUSTICE OF THE SUPREME
16 | COURT OF THE STATE OF NEVADA.

17 |      8.    That I personally know that JUSTICE ROBERT ROSE, in
18 | violation of N.R.S. 199.120, section 1, did knowingly, willingly
19 | and intentionally render the decision in <u>Salman v. Newell</u>, 110 Nev.
20 | 1333, 885 P2d 607 (1994), and make an unqualified statement of that
21 | which he did not know to be true with the malice of forethought and
22 | with the intention to do contractual and fiduciary harm to me as
23 | the Appellant in <u>Salman</u>, supra.;

24 |      9.    That I personally know that JUSTICE ROBERT ROSE, in
25 | violation of N.R.S. 199.170, section 1, did knowingly, willingly
26 | and intentionally violate his Oath of Office when JUSTICE ROBERT
27 | ROSE rendered the decision in <u>Salman v. Newell</u>, 110 Nev. 1333, 885

28 |

1  P2d 607 (1994);

2       10.   That I personally know that JUSTICE ROBERT ROSE, in
3  violation of N.R.S. 199.290, section 1, did knowingly, willingly
4  and intentionally conceal the fact that JUSTICE CLIFF YOUNG since
5  his latest illness, has become senile and mentally incompetent
6  which bars JUSTICE CLIFF YOUNG from holding the august office of
7  JUSTICE OF THE SUPREME COURT OF THE STATE OF NEVADA.  This was done
8  so that JUSTICE CLIFF YOUNG could remain as a JUSTICE OF THE
9  SUPREME COURT OF NEVADA entitling JUSTICE YOUNG to the numerous
10 benefits of that august office for which JUSTICE CLIFF YOUNG is not
11 entitled;

12      11.   That I personally know that JUSTICE ROBERT ROSE, in
13 violation of N.R.S. 199.480, section 3 and in conjunction with the
14 other JUSTICES OF THE SUPREME COURT OF NEVADA, did knowingly,
15 willingly and intentionally conceal the fact that JUSTICE CLIFF
16 YOUNG since his latest illness, has become senile and mentally
17 incompetent which bars JUSTICE CLIFF YOUNG from holding the august
18 office of JUSTICE OF THE SUPREME COURT OF THE STATE OF NEVADA so
19 that JUSTICE CLIFF YOUNG could remain as a JUSTICE OF THE SUPREME
20 COURT OF NEVADA entitling JUSTICE YOUNG to the numerous benefits of
21 that august office for which JUSTICE CLIFF YOUNG is not entitled;

22      12.   That the undersigned declares that he is the Appellant
23 named in the foregoing Criminal Charges against Justice Robert Rose
24 and knows the contents thereof; that the pleading is true of his
25 own knowledge, except as to those matters stated on information and
26 belief, and that as to such matters he believes it to be true.

27      DATED:  this 22nd day of March 1999.

28
                                3

1                    _____

Albert R. Salman

Affiant

STATE OF NEVADA  )
          ) ss:
COUNTY OF WASHOE  )

On the 22ⁿᵈ day of _MARCH_____, 199_9_, before me, the undersigned, a Notary Public in and for the County of Washoe, State of Nevada, duly commissioned and sworn, personally appeared Albert R. Salman, known to be to be the person whose name is subscribed to the within instrument, and who acknowledged to me that he executed the same freely and voluntarily and for the uses and purposes herein mentioned.

WITNESS that on this day I have personally put my hand and official seal.

DAVID L. BOILY
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 92-4241-2 - EXPIRES NOV. 9, 2000

_____
NOTARY PUBLIC

4

1    SUPPORTING BRIEF OF LEGAL POINTS AND AUTHORITIES

2  CHARGE #1.   JUSTICE ROBERT ROSE ALTERED AND MISREPRESENTED A COURT

3            DECISION TO THE PUBLIC OF THE STATE OF NEVADA.

4        Albert R. Salman personally knows that JUSTICE ROBERT ROSE

5  did knowingly, willingly and intentionally alter, falsify and

6  misrepresent to the public of the State of Nevada the decision that

7  was rendered in Jones v. Niagara Frontier Trans. Auth., 722 F.2d 20

8  (2d Cir. 1983).  This Jones decision was utilized by JUSTICE ROBERT

9  ROSE in Salman v. Newell, 110 Nev. 1333, 885 P2d 607 (1994) to deny

10 to Albert R. Salman his contractual, fiduciary and statutory Right

11 to represent a trust in the courts of the State of Nevada.

12       Albert R. Salman personally knows that JUSTICE ROBERT ROSE

13 did knowingly, willingly and intentionally, by the fraudulent

14 Salman, supra. decision, amend the Constitution of the State of

15 Nevada, Article 3, Section 1; Article 4, Sections 17, 21 and 23, to

16 the detriment of the public of the State of Nevada and Albert R.

17 Salman in his capacity as trustee.

18 CHARGE #2.   JUSTICE ROBERT ROSE HAS VIOLATED N.R.S. 193.330,

19            SECTION 1.

20       Albert R. Salman personally knows that JUSTICE ROBERT ROSE, in

21 violation of N.R.S. 193.330, section 1, did knowingly, willingly

22 and intended or caused to be intended the falsification of

23 government documents in the case of Salman v. Newell, 110 Nev.

24 1333, 885 P2d 607 (1994), with the malice of forethought and

25 intention to do contractual and fiduciary harm to me as the

26 Appellant in Salman, supra.;

27 CHARGE #3.   JUSTICE ROBERT ROSE HAS VIOLATED N.R.S. 195.030,

28                              1

1    SECTION 1.

2        Albert R. Salman personally knows that JUSTICE ROBERT ROSE, in

3    violation of N.R.S. 195.030, section 1, did knowingly, willingly

4    and intentionally aid JUSTICE CLIFF YOUNG in keeping and securing

5    his position as a JUSTICE of the Supreme Court of the State of

6    Nevada knowing that JUSTICE CLIFF YOUNG, since his latest illness,

7    has become senile and mentally incompetent which bars JUSTICE CLIFF

8    YOUNG from holding the august office of JUSTICE OF THE SUPREME

9    COURT OF THE STATE OF NEVADA.

10       JUSTICE CLIFF YOUNG cannot, today, understand the Oath of

11   Office that he swore to when he was elected to the Supreme Court of

12   the State of Nevada.  JUSTICE CLIFF YOUNG, today, cannot, pursuant

13   to the Nevada Constitution, uphold the laws of the State of Nevada

14   as defined by N.R.S. 199.170.

15   CHARGE #4.   JUSTICE ROBERT ROSE HAS VIOLATED N.R.S. 199.120,

16            SECTION 1.

17       Albert R. Salman personally knows that JUSTICE ROBERT ROSE, in

18   violation of N.R.S. 199.120, section 1, did knowingly, willingly

19   and intentionally render the decision in Salman v. Newell, 110 Nev.

20   1333, 885 P2d 607 (1994), and make an unqualified statement of that

21   which he did not know to be true with the malice of forethought and

22   intention to do contractual and fiduciary harm to me as the

23   Appellant in Salman, supra.

24   CHARGE #5.   JUSTICE ROBERT ROSE HAS VIOLATED N.R.S. 199.170,

25            SECTION 1.

26       Albert R. Salman personally knows that JUSTICE ROBERT ROSE, in

27   violation of N.R.S. 199.170, section 1, did knowingly, willingly

28

2

1  and intentionally violate his Oath of Office when JUSTICE ROBERT
2  ROSE rendered the decision in <u>Salman v. Newell</u>, 110 Nev. 1333, 885
3  P2d 607 (1994) with the intention of depriving Albert R. Salman and
4  the public of the State of Nevada their Constitutional and
5  Statutory Right to appear in any court of the State of Nevada in
6  the capacity as trustee.

7      JUSTICE ROBERT ROSE has further violated his Oath of Office by
8  not informing the people of the State of Nevada that JUSTICE CLIFF
9  YOUNG, since his latest illness, has become senile and mentally
10 incompetent which bars JUSTICE CLIFF YOUNG from holding the august
11 office of JUSTICE OF THE SUPREME COURT OF THE STATE OF NEVADA.
12 CHARGE #6.   <u>JUSTICE ROBERT ROSE HAS VIOLATED N.R.S. 199.290,</u>
13           <u>SECTION 1.</u>

14     Albert R. Salman personally knows that JUSTICE ROBERT ROSE, in
15 violation of N.R.S. 199.290, section 1, has knowingly, willingly
16 and intentionally concealed the fact that JUSTICE CLIFF YOUNG,
17 since his latest illness, has become senile and mentally
18 incompetent, which bars JUSTICE CLIFF YOUNG from holding the august
19 office of JUSTICE OF THE SUPREME COURT OF THE STATE OF NEVADA so
20 that JUSTICE CLIFF YOUNG could remain as a JUSTICE OF THE SUPREME
21 COURT OF NEVADA entitling JUSTICE YOUNG to the numerous benefits of
22 that august office for which JUSTICE CLIFF YOUNG is not entitled.
23 CHARGE #7.   <u>JUSTICE ROBERT ROSE HAS VIOLATED N.R.S. 199.480,</u>
24           <u>SECTION 3.</u>

25     Albert R. Salman personally knows that JUSTICE ROBERT ROSE, in
26 violation of N.R.S. 199.480, section 3 and in conjunction with the
27 other JUSTICES OF THE SUPREME COURT OF NEVADA, did knowingly,
28

                                3

1  willingly and intentionally conceal the fact that JUSTICE CLIFF
2  YOUNG, since his latest illness, has become senile and mentally
3  incompetent which bars JUSTICE CLIFF YOUNG from holding the august
4  office of JUSTICE OF THE SUPREME COURT OF THE STATE OF NEVADA so
5  that JUSTICE CLIFF YOUNG could remain as a JUSTICE OF THE SUPREME
6  COURT OF NEVADA entitling JUSTICE YOUNG to the numerous benefits of
7  that august office for which JUSTICE CLIFF YOUNG is not entitled;
8        DATED:   this 22nd day of March 1999.

9

10

                              Albert R. Salman
11                            Appellant
                              c/o P. O. Box 7492
12                            Reno, Nevada   [89510]
                              702-673-4308
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                              4

## CERTIFICATE OF APPELLANT

Under penalties of perjury, the undersigned declares that he is the Appellant named in the foregoing Criminal Charges Against JUSTICE ROBERT ROSE and knows the contents thereof of the Charges and Supporting Documents; that the Charges are true of his own knowledge based on personal investigation; that the Appellant believes all grounds asserted to be legally valid and all supporting factual allegations to be true; that the Charges are made in good faith and not for purposes of delay or for other improper motive.

Albert R. Salman
Appellant

5

IN THE SUPREME COURT OF THE STATE OF NEVADA

ALBERT RICHARD SALMAN,

Appellant,

vs.

THE STATE OF NEVADA,

Respondent.

No. 32704

FILED

JAN 07 2000

_____

## O R D E R

This is a proper person appeal from a judgment of conviction entered pursuant to a jury verdict of fifteen counts of being an ex-felon in possession of a firearm. The district court imposed fifteen concurrent terms of twelve to thirty-six months. The district court suspended the sentences and placed appellant on probation for an indeterminate period not to exceed eighteen months. Appellant represented himself in the district court proceedings.

On July 14, 1998, appellant filed a proper person notice of appeal from the judgment of conviction. On September 11, 1998, we remanded this matter to the district court for the limited purpose of securing counsel for appellant. If the district court found appellant to be indigent, we ordered the district court to appoint counsel to represent appellant within thirty days. Otherwise, we directed the district court to order that appellant must retain counsel and counsel must enter an appearance in the district court within thirty days.

On September 18, 1998, the district court determined that appellant had "previously advised this court that he is not indigent and therefore does not qualify for the appointment of counsel." The district court ordered that appellant must retain counsel and counsel must enter an appearance within thirty days.

On March 15, 1999, appellant submitted to this court a proper person demand to pursue this appeal in proper person. In this proper person document, appellant argues that he has a constitutional right to appear in this court and pursue this appeal in proper person.

EXHIBIT #2

IN THE SUPREME COURT OF THE STATE OF NEVADA

ALBERT RICHARD SALMAN,

Appellant,

vs.

THE STATE OF NEVADA,

Respondent.

No. 32704

FILED

JAN 07 2000

O R D E R

This is a proper person appeal from a judgment of conviction entered pursuant to a jury verdict of fifteen counts of being an ex-felon in possession of a firearm.  The district court imposed fifteen concurrent terms of twelve to thirty-six months.  The district court suspended the sentences and placed appellant on probation for an indeterminate period not to exceed eighteen months.  Appellant represented himself in the district court proceedings.

On July 14, 1998, appellant filed a proper person notice of appeal from the judgment of conviction.  On September 11, 1998, we remanded this matter to the district court for the limited purpose of securing counsel for appellant.  If the district court found appellant to be indigent, we ordered the district court to appoint counsel to represent appellant within thirty days.  Otherwise, we directed the district court to order that appellant must retain counsel and counsel must enter an appearance in the district court within thirty days.

On September 18, 1998, the district court determined that appellant had "previously advised this court that he is not indigent and therefore does not qualify for the appointment of counsel."  The district court ordered that appellant must retain counsel and counsel must enter an appearance within thirty days.

On March 15, 1999, appellant submitted to this court a proper person demand to pursue this appeal in proper person.  In this proper person document, appellant argues that he has a constitutional right to appear in this court and pursue this appeal in proper person.